Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Classes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS JAVIER CORDERO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>DIRECT FUNDING NOW LLC,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Douglas Javier Cordero, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing

practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of

privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Douglas Javier Cordero ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Direct Funding Now LLC ("Defendant") made telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Plaintiff also alleges that by making such calls and based on the fact that Direct Funding Now used automated systems to make telemarketing calls into Florida, Direct Funding Now has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

5. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff resides in Hillsborough County, Florida which is located within this District.

8. Defendant is a California limited liability company, headquartered in Irvine, California.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same calls as the TCPA claim.

10. This Court has personal jurisdiction over Defendant because it is headquartered in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls that are the subject of this lawsuit were sent and organized by Defendant in this District.

## TCPA BACKGROUND

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

16. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

17. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.". Fla. Stat. § 501.059(8)(a).

18. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**FACTUAL ALLEGATIONS**

20. Defendant is a company engaged in the marketing and solicitation of consumer financial or funding-related products and services.

21. Plaintiff Douglas Javier Cordero's cellular telephone number, (407) XXX-XXX, is a residential telephone line.

22. Plaintiff uses his cellular telephone number for personal use only, as one would use a landline telephone number in a home.

23. Plaintiff uses his cellular telephone number primarily to communicate with friends and family, and to conduct personal and household matters.

24. Plaintiff pays for his cellular telephone plan himself and is not reimbursed by any business.

25. Plaintiff has never had his cellular telephone number associated with a business.

26. Plaintiff has never used his cellular telephone number in any business or marketing materials.

27. Plaintiff's telephone number has been listed on the National Do Not Call Registry since January 15, 2008.

28. Despite the registration on the National Do Not Call Registry, Defendant placed telemarketing calls to Plaintiff's cellular telephone number.

29. On November 25, 2025, Defendant placed a telemarketing call to Plaintiff identifying itself as calling from a "funding department".

30. The Plaintiff terminated the call after stating that he was not interested.

31. Despite that, on November 25, 2025, Defendant placed an additional telemarketing call to Plaintiff from telephone number (407) 499-9385, again identifying itself as calling from a "funding department."

32. Plaintiff spoke with the caller during the November 25, 2025 call and subsequently received the following email:

On Tuesday, November 25, 2025, 12:42 PM, Seth Madeira <seth@directfundingnow.com> wrote:

Direct Funding Now




Hi Douglas,

Unlock up to $5 million in available funds and get your business ready for success. Turn your vision into reality – simply click on **Complete Application** – it's fast and easy!

**COMPLETE APPLICATION**

Reach out anytime if you need help. I'm here to guide you to the best funding options

33. The calls were made for the purpose of encouraging Plaintiff to purchase, apply for, or engage in Defendant's financial or funding-related services.

34. Plaintiff never signed up for Defendant's services and never requested to be contacted by Defendant.

35. At no point prior to or during the calls did Defendant disclose that the calls were being recorded.

36. Notwithstanding, Defendant recorded Plaintiff's call without providing notice and without obtaining Plaintiff's consent to the recording.

37. Plaintiff did not consent—expressly or impliedly—to the recording of the calls.

38. The calls received by Plaintiff were sent for the purpose of encouraging the purchase of goods or services and therefore constituted telemarketing.

39. These calls qualified as telemarketing as defined by 47 C.F.R. § 64.1200(f)(12).

40. Plaintiff and all members of the class defined below have been harmed by Defendant's conduct because their privacy has been violated, they were subjected to unwanted and intrusive telemarketing calls, and they were recorded without consent, resulting in annoyance, harassment, and invasion of legally protected interests.

## CLASS ACTION ALLEGATIONS

41. Plaintiff seeks certification of the following Classes pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

> **FTSA Do Not Call Registry Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) despite being on the National Do Not Call Registry (4) from the four years prior to the filing of the complaint through the date of trial.

> **FSCA Wiretapping Class:** All persons residing within the State of Florida who (1) received a telephone phone call by or on behalf of Defendant (2) within the year preceding the date of the filing of this action, (3) where Defendant recorded the call without the recipient's prior consent.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

43. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA and FTSA; and

(b) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Classes.

46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the Telephone Consumer Protection Act Do Not Call Registry Class**

47. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1-46 as if fully set forth herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C.

§ 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**COUNT II**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the FTSA Do Not Call Registry Class**

52. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1-46 as if fully set forth herein.

53. Plaintiff bring this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendants.

54. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

55. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or

services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

56. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

57. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

58. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT III**

**Violation of the FSCA, Fla. Stat. § 934.03(1)(a)**

**(On Behalf of Plaintiff and the FSCA Wiretapping Class)**

59. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1-46 as if fully set forth herein.

60. It is a violation of the FSCA to "intercept, or procure[] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication." Fla. Stat. § 934.03(1)(a).

61. "It is lawful under this section… for a person to intercept a wire, oral, or electronic communication when all of the parties to the communication have given prior consent to such interception." Fla. Stat. § 934.03(2)(d) (emphasis added).

62. Defendant intentionally intercepted and/or procured other persons to intercept and/or endeavored to intercept the oral communications of Plaintiff and members of the Class.

63. Defendant knowingly employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

64. Upon information and belief, recording equipment was used to record the oral conversations of Plaintiff and the members of the Class.

65. At no time during which the telephone conversations at issue were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, on the one hand, and Plaintiff or the Class members, on the other hand, did Defendant inform Plaintiff and the Class members that their oral conversations were being recorded.

66. At no time did Plaintiff and the Class members give prior consent for Defendant to record their oral communications.

67. Thus, Defendant violated Section 934.03(1)(a) of the FSCA.

68. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FSCA.

69. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FSCA.

70. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." See Fla. Stat. § 934.10(d).

71. Under Fla. Stat. § 934.10(d), Plaintiff is also entitled to recover his "reasonable attorney's fees and other litigation costs reasonably incurred" from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services listed on the National Do Not Call Registry;

That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate,

finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 15th day of June, 2026.

By: *<u>/s/ Rachel E. Kaufman</u>*

Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*